## Louisville & N. R. Co. v. Thomas.

Oct. 17, 1944.

496

L. M. Ackman and H. T. Lively and Woodward, Dawson & Hobson for appellant.

R. L. Vincent and C. C. Adams for appellee.

Opinion of the Court by Van Sant, Commissioner —Affirming.

Appellee, Janie Thomas, an infant thirteen (13) years of age, sued by her next friend, Mrs. Margaret Thomas, to recover of appellant, Louisville & Nashville Railroad Company, damages growing out of the following alleged facts testified to by her: On April 3, 1942, she purchased a round-trip ticket over appellant's railroad from Walton, Kentucky, to Bowling Green, Kentucky. She made the first trip of the journey on that day, and remained in Bowling Green until April 5, 1942. Immediately before her return trip she presented her ticket to the ticket agent at Bowling Green, and was advised by him to take the Pan-American, scheduled to leave at 2:15 P. M. Before boarding the train, she showed her ticket to the brakeman, who stood at the entrance of the coach on which she rode. He said to her, "Walton, O. K."; and she was assisted onto the train. Shortly after leaving Bowling Green, the conductor collected her ticket and informed her the train did not stop at Walton, and it would be necessary for her to leave the train at Elizabethtown, Louisville, or Worthville. He retained her ticket, and at no time tendered it back. She protested his demand that she leave the train; whereupon, the conductor cursed, abused, and pushed her, and threatened that if she did not leave the train, he would throw her off. That his conduct mortified, humiliated, and frightened her, as a result of which she suffered mental anguish and physical pain. She prayed for compensatory damages in the sum of Twenty-Five Hundred Dollars ($2,500), and for punitive damages in a like amount. The jury on the first trial rendered a verdict in her favor for One Thousand Dollars ($1,000) compensatory dam-

ages. On motion, the Court awarded appellant a new trial, upon which appellee was awarded a verdict of One Thousand Dollars ($1,000) compensatory damages, and Two Hundred Fifty Dollars ($250) punitive damages; judgment was entered accordingly. Reversal is urged upon the grounds, (1) that the verdict is not sustained by sufficient evidence; (2) the damages are excessive and appear to have been given under the influence of passion and prejudice; (3) the Trial Court erred in his instructions to the jury; (4) the Trial Court erred in refusing to give instructions offered by appellant; and (5) the Court erred in admitting incompetent and irrelevant evidence over the objection of appellant.

The argument in respect to the insufficiency of the evidence is based upon the contention that, under the facts recited by appellee, she was not compelled to get off of the train at Elizabethtown; that she could have gotten off of the train at Louisville or Worthville, therefore, when she alighted at Elizabethtown, her departure from the train was voluntary. This argument, in its best light, is specious. According to appellee's testimony, she was required to get off at one of three places; it made no difference which she chose; the fact remains that she was not permitted to remain on the train. It is next argued that appellee's testimony is so improbable and unreasonable that it should not be accepted as sufficient evidence upon which to sustain the jury's verdict. The improbability and unreasonableness of the testimony is based upon (1) the denial of the conductor and the porter of the conduct complained of; (2) the lack of motive on the part of the conductor for the alleged mistreatment of appellee; (3) the failure of any of the other passengers on the train to remonstrate with the conductor concerning his conduct; and (4) the alleged inconsistency between the testimony of appellee in the deposition she gave as if under cross-examination and that given by her on the trial. The fact that testimony is denied cannot be relied upon as proof of its lack of plausibility; nor is it necessary to show motive for wrongful conduct to recover for a tort. The only discrepancy pointed out between the deposition and the testimony is, in reality, not a discrepancy at all. On the trial, appellee testified that the conductor told her, "If you don't get off I am going to put you off"; whereas, she did not in specific terms relate this fact in her deposition; nevertheless, she did relate all other facts in her deposition that she testified

to on the trial, the substance of which was that she would be put off if she did not get off. The deposition was taken by appellant as if under cross-examination; and no question was asked her which would necessarily call for the answer which it is claimed she did not make. Appellee was corroborated in her statement that she was a passenger on the train by her sister, who took her to the station; she was corroborated in the statement that she left the train at Elizabethtown by the agent of the bus company whose coach she rode from Elizabethtown to Louisville. She testified that she did not know any of the persons on the train at the time of the alleged misconduct of the conductor; and she cannot be charged with the failure of strangers to remonstrate with the conductor of the train. We find no merit in the first contention.

We will discuss the second, third, and fourth complaints together, because they are so interwoven as to render this method expedient; but before doing so, we will consider the matter set out in the fifth complaint, viz., that the Trial Court erred in admitting incompetent and irrelevant evidence, over the objection of appellant. Sherry Thomas, sister of appellee, was permitted to testify that appellee called her on the telephone from Elizabethtown, in response to which call she wired appellee money to make the return journey home on a bus. It is argued that this evidence is not competent, because appellant is not liable to appellee in damages because of her failure to have sufficient money to buy a ticket on the bus, although appellant's agent had deprived her of passage on the train for which she had purchased a ticket. One who procures passage on a railroad has the right to depend upon completing his journey, without being required to fortify himself with money sufficient to purchase a second passage; and we know of no more humiliating circumstance than finding oneself two hundred miles from home without sufficient money to obtain transportation. It seems to us that this was a proper circumstance to show in proof of mental anguish. The same witness was permitted to testify that appellee was crying when she talked to her on the telephone. The argument of appellant, under the first ground urged for reversal, clearly shows appellant's position to be not only that appellee was not expelled from the train, but also that she was not in Elizabethtown. In addition to that, it attempts by argument to minimize the mental anguish suffered by appellee as a result of the alleged misconduct of the con-

ductor of the train. Testimony that she telephoned her sister from Elizabethtown corroborates her story that she was in Elizabethtown at the time she has related; and the fact that she was crying is corroboration of the anguish and humilitation she felt at the time complained of. Mrs. Pritchard's testimony in respect to the telephone call was competent for the same purposes, as was the testimony of Frank Coakley, who related a telephone call from appellee's sister requesting him to cash a check for the child. The testimony of Sherry Thomas that she ran from the boarding house to the telephone station was totally irrelevant, although non-prejudicial.

By the first instruction, the Court permitted the jury to find for appellee if they believed from the evidence she was required to leave the train at Elizabethtown after having been directed by the agents of appellant to take passage on the train. This instruction was proper, so far as it went. But Instruction No. 3 gave the measure of damages applicable only if such act on the part of the conductor was performed in a tortious manner, i. e., by the use of profane or abusive language, or by assaulting, or attempting to assault, appellee. The measure of damages for the wrongful expulsion of a passenger from a railroad coach, not attended by abuse to the person expelled, is such sum as the jury may believe from the evidence will reasonably and fairly compensate the plaintiff for any expense incurred and loss of time occasioned by the delay in being compelled to leave the train before arriving at his destination; Louisville & N. R. Co. v. Wells, 219 Ky. 718, 294 S. W. 143; whereas, the measure of damages for such conduct on the part of the company's agents, when attended by tortious acts, is such sum as will reasonably compensate him for any mortification, humiliation, mental anguish, and physical pain, in addition to expense incurred and time lost by reason of the delay. Louisville & N. R. Co. v. Fowler, 107 S. W. 703, 32 Ky. Law Rep. 1021. The Court should have instructed the jury on both issues, viz., expulsion from the train without the commission of a tort (mere breach of contract), and expulsion therefrom accompanied by the tortious acts complained of; and should have followed each with the measure of damages applicable in each instance. Failure of the Court in this respect undoubtedly constituted error. Ordinarily, such error would require a reversal of the judgment; but, in this instance, the error was cured by the verdict. Had

500

the first instruction incorporated an affirmative finding in respect to the tortious acts complained of, a verdict for damages measured by the instruction given would be upheld, because the amount awarded for compensatory damages, viz., One Thousand Dollars, is not so large as to appear at first blush to have resulted from passion and prejudice. Louisville & N. R. Co. v. Ballard, 88 Ky. 159, 10 S. W. 429, 10 Ky. Law Rep. 735, 2 L. R. A. 694; Baltimore & O. S. W. R. Co. v. Hudson, 92 S. W. 947. 29 Ky. Law Rep. 298. The issue in respect to the tortious acts of the conductor was presented in Instruction No. 4, which authorized the jury to award punitive damages. The issue thus submitted was determined in favor of appellee, and an award for punitive damages made. That being true, the issue of fact was decided; and, since it was decided in favor of appellee, the award for compensatory damages on that issue was fixed under instructions of the Court properly measuring compensatory damages for injury growing out of the tortious acts. Since a jury has determined that issue, a reversal for a second determination of the same issue would be a highly technical evasion of the conclusiveness of the adjudication of an issuable fact. Therefore, we are constrained to hold, considering the jury's finding on all of the instructions, that the omission in the first instruction of the issue presented in the fourth instruction was not prejudicial. Had the jury found for appellant under Instruction No. 4, it would have been prejudiced by the omission of that issue from the instructions on compensatory damages.

Wherefore, the judgment is affirmed.